DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14-cv-38-FDW

| ROCKY JOHNSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| EVA FIELDS, Nurse, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on a Motion to Dismiss for Insufficient Process, Insufficient Service of Process, and for Lack of Jurisdiction, filed under Rules 4, 8, 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure by Defendant Diana Ray, (Doc. No. 32). Defendant Ray is represented by Katherine R. Hilkey-Boyatt of the law firm of Cranfill Sumner & Hartzog, LLP.

I. BACKGROUND

At the time of the events giving rise to the Complaint, pro se Plaintiff Rocky Johnson was an inmate in the custody of the Buncombe County Detention Center. On August 25, 2014, Plaintiff filed the underlying action, pursuant to 42 U.S.C. § 1983, purporting to bring a claim for deliberate indifference to a serious medical need against various named Defendants, including the movant Diane Ray. (Doc. No. 1). On initial review, this Court dismissed Plaintiff's claims for deliberate indifference to medical needs with prejudice for failure to state a claim upon which relief could be granted, and the Court subsequently dismissed the remaining claims against all Defendants. (Doc. No. 9). Plaintiff appealed, and on June 30, 2015, the Fourth Circuit vacated

1

this Court's dismissal of Plaintiff's claims of deliberate indifference against Defendants Ray and Salyers, making no findings regarding the merits of those claims. (Doc. No. 14).

After remand, a summons was issued to Defendant Ray on October 7, 2015, and the summons was delivered to the U.S. Marshal for service on Defendant Ray. The proof of service states that Ray was "personally served on November 10, 2015." (Doc. No. 26 at 7). The Process Receipt and Return, however, indicates that an attempt was made to serve Defendant Ray by certified mail on October 14, 2015, but that on October 29, 2015, the process was "returned unopened 'Attempted-Not Known' to SDUSM Mark Chapman for assignment to attempt personal service." (Doc. No. 26 at 1). The Process Receipt and Return then indicates that on November 2, 2015, the U.S. Marshal again attempted service. The Receipt and Return states "Attempted service. No longer at employer." (Id.). The notes on the Service of Process go on to indicate "1/10/15-Served Via Email." (Doc. No. 26 at 2).

On January 20, 2016, Defendant Ray filed the pending motion to dismiss through counsel, contending that she was not served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure, specifically arguing that service by electronic mail was not proper under Rule 4. In support of the motion to dismiss, Defendant Ray has submitted an affidavit in which she states that she has not been personally served in this matter nor has she authorized anyone to accept service on her behalf. (Doc. No. 32-1).

**II.  STANDARD OF REVIEW**

The Fourth Circuit has explained that "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). Furthermore, pursuant to Rules 12(b)(2), 12(b) (4) and 12(b)(5) of the Federal Rules of Civil Procedure, a motion may be

brought to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process. Once the sufficiency of service is challenged, the plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with FED. R. CIV. P. 4. See, e.g., Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

### III. DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure provides as follows:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Rule 4(j)(1) of the North Carolina Rules of Civil Procedure prescribes the manner by which service may be effectuated in North Carolina, directing that service upon a natural person shall be as follows:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile

3

receipt.
e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1).

In support of the motion to dismiss, Defendant Ray contends that Plaintiff failed to serve Defendant with the summons and complaint by any of the methods permitted under Rule 4 of the Federal and the North Carolina Rules of Civil Procedure, and therefore his Complaint should be dismissed for insufficient service of process. With respect to the Complaint, Plaintiff attempted service on Defendant Ray via certified mail on October 14, 2015. (Doc. No. 26). On October 29, 2015, the "process was returned unopened." (Id.). After an unsuccessful attempt to serve Defendant Ray via certified mail, it is documented the U.S. Marshal would "attempt personal service." (Id.). However, according to Defendant Ray's affidavit and the documentation in the record with regard to service, personal service was never obtained. Rather, the U.S. Marshal attempted to serve Defendant Ray via email, with the summons and complaint attached to the email. Defendant Ray states that she did not open the attachment to the email until several months later. (Doc. No. 32-1 at 2).

Here, the Court agrees with Defendants that the U.S. Marshal's attempted service on Defendant Ray through email was not an acceptable form of personal service under Rule 4 of the Federal Rules of Civil Procedure.[1] However, Plaintiff is incarcerated and proceeding pro se in

---

[1] Courts have allowed for service by electronic means primarily in the international context, under Rule 4(f)(3) of the Federal Rules of Civil Procedure. See Rio Props., Inc. v. Rio Interlink, 284 F.3d 1007 (9th Cir. 2002). Neither the Federal nor the North Carolina Rules of Civil Procedure, however, recognize email as a valid means of service of service of process on individuals living in the United States.

4

forma pauperis. Plaintiffs who are proceeding in forma pauperis must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915. See 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3). This Court will not penalize Plaintiff for having relied on the Clerk of Court and the U.S. Marshals Service to effect service of process on his behalf. See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (declining to penalize in forma pauperis plaintiff for U.S. Marshals Service's delay in effecting service of process); Carroll v. Fentress Cnty. Sheriff's Dep't, No. 2:11-0019, 2012 WL 140417, at *2 (M.D. Tenn. Jan. 18, 2012) (magistrate report and recommendation, denying motion to dismiss for insufficient service of process, noting that once prisoner plaintiffs have adequately identified the defendants to be served, "responsibility for service of process rest[ed] with the United States Marshals Service. If defendants were not properly served, plaintiffs cannot be held responsible"), adopted, 2012 WL 847775 (M.D. Tenn. Mar. 12, 2012).

Furthermore, the Fourth Circuit has held that before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain personal service on Defendant Diane Ray in accordance with Rule 4.[2]

---

[2] Defendant Ray, who obviously now has <u>actual</u> notice of this action, could also choose to waive personal service and save the Court and the U.S. Marshal the resources and costs required

Defendant Ray states in her affidavit that she <u>did</u> give the U.S. Marshal her home address, so the U.S. Marshal should have no difficulty in locating Defendant Ray to ensure personal service on her. The Court will deny Defendant's motion to dismiss the complaint for insufficient service of process.

**IV.    CONCLUSION**

For the reasons stated herein, Defendant's motion to dismiss will be denied, and the U.S. Marshal is hereby instructed to use reasonable efforts to locate and obtain personal service on Defendant Ray in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED THAT**:

(1)    Within 30 days of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain personal service on Defendant Ray in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the U.S. Marshal is unable to locate and obtain and service on Defendant within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve Defendant Ray.

(2)    Defendant's Motion to Dismiss, (Doc. No. 32), is **DENIED**.

(3)    The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Frank D. Whitney
Chief United States District Judge

---

to ensure personal service on her.