DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14-cv-38-FDW

| ROCKY JOHNSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| EVA FIELDS, Nurse, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Appoint Counsel, (Doc. No. 36), Plaintiff's Motion to Stay Proceedings, (Doc. No. 37), and Plaintiff's Motion to Provide Service of Motion to Stay, (Doc. No. 38).

First, as to Plaintiff's motion to appoint counsel, in support of the motion, Plaintiff states, among other things, that he is incarcerated, has limited knowledge of the law and no access to a law library, that the issues involved in this case are complex, and that he has repeatedly tried to obtain a lawyer to no avail. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

Next, as to Plaintiff's motion to stay proceedings and his motion to provide service of motion to stay, these motions are both denied as moot. Plaintiff's motion to stay was based on

1

his contention that, rather than granting Defendant Ray's motion to dismiss based on insufficient service of process, the Court should "stay" the case to allow time for the U.S. Marshal to serve process on Defendant Ray. Since the Court has now denied Defendant Ray's motion to dismiss, and because the Court has ordered the U.S. Marshal to serve process on Defendant Ray, Plaintiff's motion is moot. Similarly, Plaintiff's motion to provide service of his motion to stay is also denied as moot.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Appoint Counsel, (Doc. No. 36), Plaintiff's Motion to Stay Proceedings, (Doc. No. 37), and Plaintiff's Motion to Provide Service of Motion to Stay, (Doc. No. 38), are all **DENIED** for the reasons stated in this Order.

Frank D. Whitney
Chief United States District Judge