DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14-cv-38-FDW

| ROCKY JOHNSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| EVA FIELDS, Nurse, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on a motion to dismiss, (Doc. No. 45), filed by Defendant Diane Ray, pursuant to Rules 8, 9(g), and 12(b)(6) of the Federal Rules of Civil Procedure, and Rule 9(j) of the North Carolina Rules of Civil Procedure. Defendant Ray is represented by Katherine R. Hilkey-Boyatt of the law firm of Cranfill Sumner & Hartzog, LLP.

**I.     BACKGROUND**

This case has a detailed procedural history, but the Court will only recite the facts relevant to Defendant Ray's pending motion to dismiss. Pro se Plaintiff Rocky Johnson, an inmate in the custody of the United States Bureau of Prisons, filed this action, pursuant to 42 U.S.C. § 1983, on August 25, 2014, alleging among other things that movant Diane Ray and other named Defendants were deliberately indifferent to Plaintiff's serious medical needs while he was a pretrial detainee at the Buncombe County Detention Center. (Doc. No. 1). On initial review, this Court, among other things, dismissed with prejudice Plaintiff's claim against Defendant Ray for deliberate indifference to medical needs with prejudice for failure to state a claim. (Doc. No. 9). In addressing Plaintiff's claim for deliberate indifference to serious

1

medical needs as to Defendant Ray, this Court found as follows:

> Here, Plaintiff's allegations of a brief delay in receiving medical care and medication for his lower back pain do not rise to the level of an Eighth Amendment violation. By his own allegations, Plaintiff alleges that, although he was denied the right to see a medical provider in June 2013, he was eventually seen and that his lower back pain was treated with Gabapentin by August 2013. Furthermore, Plaintiff does not allege that the delay in receiving medical care and medication adversely affected his condition. See Webb v. Hamidullah, 281 Fed. App'x 159 (4th Cir. 2008) ("An Eighth Amendment violation only occurs . . . if the delay results in some substantial harm to the patient."). In sum, . . . Plaintiff has failed to state a claim for an Eighth Amendment violation against Defendant Ray.

(Doc. No. 9 at 6).

Plaintiff appealed this Court's dismissal and on June 30, 2015, the Fourth Circuit Court of Appeals, vacated, among other things, the dismissal of Plaintiff's claims of deliberate indifference against Defendant Ray. (Doc. No. 14). Defendant Ray has now filed the pending motion to dismiss under Rule 12(b)(6), arguing that Plaintiff has not sufficiently stated a claim for deliberate indifference to serious medical needs against Defendant Ray. Defendant also moves for dismissal of Plaintiff's claim against Defendant Ray for punitive damages and Plaintiff's state law claim against Defendant for medical malpractice.

**II.     DISCUSSION**

The Court first finds that Defendant Ray's motion to dismiss as to the deliberate indifference to serious medical needs claim is denied, as the Fourth Circuit Court of Appeals already held, in reversing this Court, that Plaintiff has sufficiently stated a claim against Defendant Ray for deliberate indifference to serious medical needs. Specifically, in reversing this Court, the Fourth Circuit stated:

> We review de novo dismissals for failure to state a claim under 28 U.S.C § 1915A(b)(1) (2012), "applying the same standards as those for reviewing a dismissal under Fed.R.Civ.P. 12(b)(6)." De'lonta v. Johnson, 708 F.3d 520, 524 (4th Cir.2013). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests

2

> surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999) (internal quotation marks and brackets omitted). As a result, to survive such a motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "In assessing the complaint's plausibility, we accept as true all the factual allegations contained therein." De'lonta, 708 F.3d at 524. "[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause." In order to make out a prima facie claim of deliberate indifference, Johnson must allege "that the defendants actually knew of and disregarded a substantial risk of serious injury to [him] or that they actually knew of and ignored [his] serious need for medical care." Id. at 575-76. <u>We conclude that Johnson alleged in his complaint a prima facie case of deliberate indifference to serious medical needs</u>. Johnson pleaded facts that showed the Defendants were on notice as to his medical need but delayed treatment for two months. Johnson's allegations further raised a factual question as to whether he had a medical need that was "serious." Thus, dismissal of this claim was premature. . . . <u>We . . . vacate the district court's dismissal with prejudice of Johnson's claim of deliberate indifference to serious medical needs against Defendants Salyers and Diane Ray</u>. As to the remaining claims and Defendants, we affirm the district court's dismissal without prejudice. We remand for further proceedings consistent with this opinion but express no opinion about the merits of Johnson's claims.

Johnson v. Fields, 616 F. App'x 599, 600-01 (4th Cir. 2015) (emphases added) (some citations omitted). In its order reversing this Court's dismissal, the Fourth Circuit clearly held that Plaintiff stated a claim for deliberate indifference to serious medical needs as to Defendant Ray sufficient to withstand a motion to dismiss under the Rule 12(b)(6) standard. This Court is bound by the Fourth Circuit's ruling, and Defendant's motion to dismiss as to Plaintiff's deliberate indifference claim against her must therefore be denied.[1]

Next, Defendant Ray contends that Plaintiff's claim for punitive damages should be

---

[1] Although the Fourth Circuit's per curiam order does state, rather confusingly, that the court "expresses no opinion about the merits of [Plaintiff's] claims," the appellate court clearly <u>did</u> rule on the merits of Plaintiff's deliberate indifference claim against Defendant Ray, finding that the allegations were sufficient under the standards set forth in Rule 12(b)(6).

3

dismissed. Punitive damages may be awarded in Section 1983 actions in appropriate circumstances, where the punishable conduct involves "'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). "The callous indifference required for punitive damages is essentially the same as the deliberate indifference required for a finding of liability" on a § 1983 claim alleging deliberate indifference. Id. Because Plaintiff has at least sufficiently alleged plausible claims for deliberate indifference as to Defendant Ray, he has also sufficiently alleged claims for punitive damages. Accordingly, Defendant's motion to dismiss Plaintiff's claims for punitive damages will be denied at this time.

Finally, Defendant Ray contends that, to the extent that Plaintiff purports to bring a state law claim of medical malpractice against her, Plaintiff's complaint should be dismissed because Plaintiff failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. Defendant's motion to dismiss with regarding to Plaintiff's medical malpractice claim is denied to the extent that this Court declines to exercise jurisdiction over Plaintiff's supplemental state law claim for medical malpractice. See 28 U.S.C. § 1367(c).

### IV. CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss is denied.

**IT IS THEREFORE ORDERED THAT**:

(1) Defendant Ray's Motion to Dismiss, (Doc. No. 45), is **DENIED.**

Frank D. Whitney
Chief United States District Judge