DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14-cv-38-FDW

| ROCKY JOHNSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| EVA FIELDS, Nurse, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on a Motion to Strike Order, filed by Defendant Ray, (Doc. No. 61); a Motion to Strike Plaintiff's Discovery Requests, filed by Defendants Allen, Gould, Bishop, and Salyers, (Doc. No. 62); Plaintiff's Motion for Extension of Time, (Doc. No. 64); Plaintiff's Answer and Request of Court to Put on Hold or Dismiss the Request for Summary Judgment, (Doc. No. 71); and Plaintiff's Motion to Appoint Counsel, (Doc. No. 72).

**1. Plaintiff's Motion to Appoint Counsel, (Doc. No. 72)**

First, as to Plaintiff's motion to appoint counsel, there is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances justifying appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

1

## 2. Defendants' Motions to Strike Plaintiff's Discovery Requests (Doc. Nos. 61, 62)

Next, Defendant Diane Ray moves the Court to strike Plaintiff's First set of Interrogatories, Request for Production of Documents, and Requests for Admission. On November 2, 2016, this Court issued a Pretrial Order and Case Management Plan (Doc. No. 48), setting the deadline to complete discovery no later than March 1, 2017, and setting April 1, 2017, as the deadline to file dispositive motions. This Order states that, "Parties are directed to initiate discovery requests . . . sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses . . . after the discovery completion deadline are not enforceable except by order of the Court for good cause shown." (Doc. No. 48, ¶ E at 2-3).

On February 13, 2017, Plaintiff filed a Motion to Extend Time to Complete Discovery. (Doc. No. 49). On February 22, 2017, counsel for defendants Allen, Gould, Bishop, and Salyers filed a similar motion, noting that counsel for defendant Ray consented to the motion. (Doc. No. 52). On March 8, 2017, this Court issued an order granting both motions, extending the deadline to complete discovery to April 15, 2017, and the deadline to file dispositive motions to May 15, 2017. (Doc. No. 53). April 15, 2017 falls on a Saturday, making the actual deadline Monday, April 17, 2017.

On April 3, 2017, Barrett Johnson filed a Notice of Appearance on behalf of Defendant Ray, serving a filed copy on Plaintiff by U.S. Mail. (Doc. No. 60). On April 13, 2017, counsel for Defendant Ray received Plaintiff's First set of Interrogatories and Requests for Admission and Plaintiff's First Request for Production of Documents. The envelope was address to Barrett Johnson, postmarked April 10, 2017, and stamped "Received" April 13, 2017. The reverse of the envelope was stamped by U.S. Penitentiary, McCreary in Pine Knot, Kentucky, as being

processed for mailing on April 7, 2017. Although Plaintiff dated the discovery as March 27, 2017, there was no Certificate of Service. Defendant Ray maintains that since the envelope was addressed to Barrett Johnson, who did not appear in this case until April 3, 2017, the discovery could not have been mailed until Plaintiff received the Notice of Appearance. Finally, the penitentiary mail processing stamp indicates the discovery was served on or about April 7, 2017.

Defendant Ray notes that Plaintiff served the first set of discovery on Defendant Ray five months and four days after the case management order was issued, one month after the Court allowed the Motion to Extend the Deadline to Complete Discovery, and only eight days before the period in which discovery must be completed. Defendant Ray contends that Plaintiff therefore did not initiate the discovery requests sufficiently in advance of the discovery completion deadline so as to comply with the Court's scheduling order setting the deadline for discovery at April 15. Defendant Ray therefore has asked the Court to enter an order striking Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Requests for Admission.

The Court will deny Defendant Ray's motion to strike Plaintiff's discovery requests. Here, although Plaintiff waited until just eight days before the expiration of the discovery deadline, Plaintiff still submitted the discovery requests before expiration of the deadline. This Court will grant Plaintiff leeway in his interpretation of the Court's scheduling order since he is a pro se prisoner and since the order does not set a specific date or time period for when the discovery requests had to be submitted. Therefore, the Court finds that Defendant Ray must answer Plaintiff's discovery requests. Similarly, Defendants Allen, Bishop, Gould, and Salyers have also filed a motion to strike the discovery requests, noting that counsel for these Defendants did not receive the discovery requests from Plaintiff until April 17, 2017. For the same reason

the Court is denying Defendant Ray's motion to strike, the Court also denies the motion to strike filed by Defendants Allen, Bishop, Gould, and Salyers.

3. **Plaintiff's Motion for Extension of Time to File Response/Reply, (Doc. No. 64), and Plaintiff's Answer and Request of Court to Put on Hold or Dismiss the Request for Summary Judgment, (Doc. No. 71)**

Next, in his two motions for extension of time, Plaintiff seeks an extension of time to respond to Defendants' summary judgment motions and time to respond to the Defendants' motion to strike. The Court will grant the motions for extension of time to the extent that Plaintiff shall have sixty days in which to respond to Defendants' summary judgment motions.

**IT IS THEREFORE ORDERED** that:

(1) Defendant Ray's Motion to Strike Order, (Doc. No. 61), and Motion to Strike Plaintiff's Discovery Requests, filed by Defendants Allen, Gould, Bishop, and Salyers, (Doc. No. 62); are **DENIED** for the reasons stated in this Order. Defendants shall have thirty days in which to respond to Plaintiff's discovery requests.

(2) Plaintiff's Motions for Extension of Time, (Doc. Nos. 64, 71), are **GRANTED** in accordance with this order. That is, Plaintiff shall have sixty days from service of this Order in which to respond to Defendants' respective summary judgment motions.

(3) Plaintiff's Motion to Appoint Counsel, (Doc. No. 72), is **DENIED**.

Signed: July 5, 2017

Frank D. Whitney
Chief United States District Judge